UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ECONOMIC DEVELOPMENT AUTHORITY OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br><br>PLAINTIFF<br><br>v.<br><br>(1) THE BUSINESS COMMITTEE OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br>(2) JENNIFER HEMINOKEKY individually and in her official capacity as Chairperson,<br>(3) PAMELA EAGLESHIELD individually and in her official capacity as Vice Chairperson,<br>(4) JAMES DEMPSEY, individually and in his official capacity as Secretary Treasurer,<br>(5) JEANETTE MANN, individually and in her official capacity as Committee Member,<br>(6) DOUGLAS SPORES, individually and in his official capacity as Committee Member,<br>(7) DOLLY LORETTA BUCKNER, individually and in her official capacity as Committee Member,<br><br>DEFENDANTS. | Case No. CIV-24-661-R |

## **COMPLAINT**

Plaintiff, Fort Sill Chiricahua Warm Springs Apache Tribe Economic Development Authority ("EDA" or "Plaintiff"), alleges as follows:

## NATURE OF THE ACTION

1.	Plaintiff brings this action to temporarily restrain and preliminarily and permanently enjoin the enforcement of three unlawful resolutions passed by the Fort Sill Chiricahua Warm Springs Apache Tribe (the "Tribe") Business Committee ("Business Committee") that purport to suspend the EDA's non-gaming activities, seize control of its bank accounts and assets, and suspend an EDA Trustee without due process. These acts and resolutions violate the Tribe's Constitution, the EDA's enabling legislation, federal law, and contractual obligations of the Tribe.

2.	Within the Tribe, the Business Committee and the EDA have separate and distinct functions, the purpose of which is to achieve a separation of powers and some degree of checks and balances.

3.	The Business Committee is the political arm of the Tribe. It oversees the governmental roles of the Tribe. Each member of the Business Committee serves a four (4) year term and is elected by Tribal members.

4.	The EDA was established via the EDA Code pursuant to a vote of the Tribe's members to manage the business operations of the Tribe separately from the Business Committee. It is an autonomous body with full authority over the Tribe's businesses. The Tribe has multiple business interests, including gaming, retail, construction, federal contracting and service operations, all governed by the EDA pursuant to the Tribe's laws. In short, the EDA was chosen by popular vote of the Tribe's members to oversee the Tribe's business operations. Each member of the EDA is required by the Indian Gaming

Regulatory Act (25 U.S.C. § 2701) to have a gaming license as a person who makes key management decisions over gaming.

5. The Business Committee has exceeded its authority by attempting to unilaterally suspend a duly appointed EDA Trustee without due process, restrict the EDA's lawful operations, and interfere with the EDA's management of tribal businesses. These actions threaten the EDA's ability to fulfill its economic development mission for the Tribe, violate principles of tribal self-governance, and put the Tribe's gaming operations at risk of federal intervention.

6. This is a coup attempt by the Business Committee for political purposes that has no legitimate business value for the Tribe and is in violation of the Tribe's Constitution, Code of Laws, and the vote of Tribe's members.

7. Plaintiff seeks declaratory and injunctive relief to prevent the implementation of these unlawful resolutions and to protect the EDA's autonomy as established by tribal law.

## PARTIES

8. Plaintiff Fort Sill Chiricahua Warm Springs Apache Tribe Economic Development Authority is a public trust and body corporate established by the Tribe pursuant to tribal law. The EDA's principal place of business is in Lawton, Oklahoma.

9. Defendant Fort Sill Chiricahua Warm Springs Apache Tribe Business Committee is the elected governing body of the Tribe. Its principal place of business is 43187 US Highway 281, Apache, OK 73006-8038.

10. Defendant Jennifer Heminokeky is the Chairwoman of the Tribe and is sued in her individual and official capacities. Her principal place of business is 43187 US Highway 281, Apache, OK 73006-8038.

11. Defendants James Dempsey, Jeanette Mann, Dolly Loretta Buckner, Douglas Spores, and Pam Eagleshield are members of the Tribe's Business Committee and are sued in their individual and official capacities. Their principal place of business is 43187 US Highway 281, Apache, OK 73006-8038.

12. Each Defendant is liable both in their individual and official capacities as they have acted outside of, and have exceeded, the authority granted to the Business Committee and individuals on the Business Committee pursuant to the Tribe's Constitution and Code of Laws.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the claims arise under the Indian Civil Rights Act, 25 U.S.C. § 1302, the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701 et seq., and federal common law concerning tribal self-governance.

14. Plaintiff has no tribal administrative or legal remedies available to address this matter as the Tribe does not have a court or judicial system in which to bring its claims. *National Farmers Union Insurance Companies v. Crow Tribe*, 471 U.S. 845 (1985). In addition, the EDA has authority pursuant to Section 220(D)(1) of the Tribe's Economic Development Code, a copy of which is attached hereto as Exhibit "1," to bring suit in its own name.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district and the defendants reside in this district.

## FACTUAL ALLEGATIONS

16. The EDA was established by the Tribe pursuant to tribal law as set forth in the Tribe's Economic Development Code (the "Code"), Exhibit "1." The Code is the Tribe's laws governing the activities and granting authority to the EDA to conduct the Tribe's financial business. The code was passed by a vote of the Tribe's General Council (i.e. the membership at large), and yet the Business Committee has decided to attempt to exercise authority in an effort to override the legitimate laws of the Tribe passed by a vote of its people.

17. The Code establishes the EDA as a separate legal entity from the Tribe with the authority to sue and be sued in its own name. Code § 218(G).

18. The Code grants the EDA broad powers to engage in economic development activities for the benefit of the Tribe, including the authority to manage all tribal business entities. Code § 218(W).

19. The EDA is governed by a Board of Trustees appointed by the Tribal Chairperson and confirmed by the Business Committee. Code § 204.

20. The Tribal Chairperson, Jennifer Heminokeky, is an ex officio member of the EDA Board of Trustees with full access to all information, documents, and meetings of the Board of Trustees.

21. Trustees of the EDA may only be removed for cause after notice and a hearing. Code § 208.

22. On June 13, 2024, in a secret meeting, the Business Committee passed Resolution FSABC-2024-13 (Exhibit "2"), which purports to, *inter alia*:

    a) Remove the EDA's authority to conduct any "new business"; and

    b) Take control of the bank accounts and assets of the EDA.

23. In order to pass these resolutions without scrutiny, the Business Committee failed to properly notice these meetings of the Business Committee to Tribal members, who all have a right to attend Business Committee meetings pursuant to Article XI, Section 3, of the Tribe's Constitution, Exhibit "3."

24. Section 2 of Article XI of the Tribe's Constitution requires that seven (7) days' notice be given prior to any Special Meeting. Upon information and belief, the Business Committee failed to provide such notice or has issued notices with incorrect information, with the notices stating that a meeting is to be held in one location, while the actual meeting was held in a separate location.

25. On June 20, 2024, a full week after it had been passed by the Business Committee in a secret session, the EDA Board received a copy of Resolution FSABC-2024-13. This delay fully demonstrates the illicit and political motivations of the Business Committee, for if they were truly concerned about the EDA engaging in mismanagement or any wrongdoing, they would not have kept FSABC-2024-13 secret for an entire week while the EDA continued to make business decisions, enter contracts, and make decisions pursuant to its authority.

26. Upon receipt of FSABC-2024-13, on June 21, 2024, the EDA Board sent an official letter to the Business Committee informing Defendants of several illegalities in the resolution including:

a) FSABC-2024-13 exceeds the authority and powers given to the Business Committee by the Tribe's constitution and Code of Laws as there is no Code of Laws or authority granted to the Business Committee that allows authority to suspend or manage the activities of the EDA. In fact, the purpose of the creation of the EDA was to take advantage of certain legal and business protections offered by the EDA and to remove it from the realm and control of politicians, while still being subject to review;

b) FSABC-2024-13 was a violation of the Indian Gaming Regulatory Act (IGRA), in that the Business Committee were placing themselves in *de facto* management over the Tribe's gaming industries without the Business Committee members having the appropriate background checks and gaming licenses; and

c) FSABC-2024-13 caused the EDA to be in breach of a Non-Impairment Agreement that secures a multi-million-dollar loan for economic development purposes, and as such, put the Tribe at risk of being liable for a debt it would not otherwise be liable to pay;

27. Following the receipt of this letter, the Business Committee, recognizing its mistake, held another secret meeting over the weekend of June 22 and 23, passing Resolution FSABC-2024-14, Exhibit "4." This resolution purports to suspend all non-

gaming activities of the EDA Trustees and take over bank accounts and assets pending investigation of allegations of financial mismanagement. In short, the Business Committee made a failed attempt to correct its violations of the IGRA.

28. On June 25, 2024, in another secret meeting, the Business Committee passed FSABC-2024-15, ostensibly for the purpose of banning the EDA Board of Trustees from interfering with an investigation. First, there was no cause for this resolution as the EDA Board of Trustees have offered their full cooperation with any investigation and no such investigation has been commenced. A careful reading of FSABC-2024-15 shows that it actually gives the Business Committee management authority over the EDA's employees, effectively putting the Business Committee in control of the Tribe's gaming operations and other business interests in violation of the IGRA, the Tribe's Constitution and the Code.

29. All three Resolutions (FSABC-2024-13, FSABC-2024-14, and FSABC-2024-15) exceed the Business Committee's authority under tribal law and violate the due process rights of the EDA and its Trustees. In addition, FSABC-2024-14 continues to place the Tribe's gaming operations in jeopardy as it is still in violation of the IGRA, and FSABC-2024-15 attempts to retroactively justify the Business Committee's unlawful actions while further infringing on the rights of the EDA Trustees.

30. The Resolutions threaten vast irreparable harm to the EDA, and more importantly, the Tribe, by attempting to prevent the EDA from carrying out its economic development mission and managing tribal businesses as authorized by the Code. The Business Committee, via its inexplicable, illegal, and unreasonable acts, have placed the Tribe in jeopardy of punishment for IGRA violations, and breaching certain covenants and

agreements between the EDA Board and the bank which provides funds for the Tribe's development. In short, the Board has put the EDA in default of certain agreements, including a technical default of a multi-million-dollar loan, and has removed all legal protections in place that would have shielded the Tribe from the penalties and ramifications from said default.

31. The Resolutions violate multiple contracts, including the Tribal Non-Impairment Agreement executed by the Business Committee on behalf of the General Council for the benefit of Bank of Oklahoma. This agreement covers more than $45,000,000 in loans taken out by the EDA.

32. The Resolutions put the Tribe's gaming operations at risk of investigation and potential shut-down by the National Indian Gaming Commission (NIGC) due to violations of IGRA.

33. The Business Committee has made public allegations of financial mismanagement by the EDA Board of Trustees without providing any evidence to support these claims or giving the EDA Board of Trustees the opportunity to present exculpatory evidence or address such allegations in a proper forum as proscribed by the Tribe's laws, including the Code. In short, the Business Committee executed the EDA Board of Trustees without the due process it is entitled to receive under the Tribe's Constitution and Code of Laws.

34. In addition, several members of the EDA Board of Trustees are members of the Tribe and have due process rights pursuant to the Tribe's Constitution that the Business Committee is actively seeking to ignore.

35. The Business Committee's actions have been taken without prior notice to or discussion with the EDA Board, despite the fact that the Tribal Chairwoman has a seat on the EDA Board and has attended most EDA meetings and has been welcomed at all meetings.

36. On June 25, 2024, in another secret meeting with improper notice, the Business Committee passed Resolution FSABC-2024-15 (Exhibit "5"), which purports to clarify the Business Committee's authority to suspend and investigate EDA Trustees. This resolution prohibits Trustees from interfering with or frustrating any investigation by the Business Committee and threatens removal for non-compliance. The resolution was passed without proper notice or opportunity for the EDA or its Trustees to be heard, further violating principles of due process and transparency.

37. The EDA has no adequate remedy at law to prevent this harm.

## CLAIMS FOR RELIEF

### Count I - Violation of Tribal Law

38. Plaintiff incorporates all preceding paragraphs by reference.

39. The Business Committee's Resolutions violate the Tribe's Constitution and the Economic Development Code by:

a) Attempting to unilaterally suspend an EDA Trustee without following the removal procedures in Code § 208;

b) Usurping the EDA's authority to manage tribal businesses granted by Code § 218(W);

    c)    Interfering with the EDA's operational autonomy established by the Code; and

    d)    Attempting to unilaterally expand the Business Committee's authority through Resolution FSABC-2024-15, which was passed without proper notice or adherence to tribal law procedures.

40.    Plaintiff is entitled to declaratory and injunctive relief to prevent the implementation of these unlawful resolutions.

## Count II - Violation of Due Process

41.    Plaintiff incorporates all preceding paragraphs by reference.

42.    The Business Committee's attempt to suspend an EDA Trustee without notice or a hearing violates the due process protections of the Indian Civil Rights Act, 25 U.S.C. § 1302(a)(8).

43.    The Resolutions deprive the EDA of its property interests in its bank accounts and assets without due process of law.

44.    Resolution FSABC-2024-15 further violates due process by giving the Business Committee management authority over the EDA's employees, prohibiting Trustees from 'interfering with' or 'frustrating' investigations, using vague terms that could be used to stifle legitimate defense or dissent, and by threatening removal for non-compliance with this improperly enacted resolution.

45.    Plaintiff is entitled to declaratory and injunctive relief to prevent these due process violations.

### Count III - Violation of Tribal Self-Governance

46.     Plaintiff incorporates all preceding paragraphs by reference.

47.     Federal common law protects the right of Indian tribes to determine their own form of government and economic structures.

48.     By attempting to unilaterally alter the structure and authority of a duly established tribal entity, the Business Committee's actions violate principles of tribal self-governance protected by federal common law.

49.     The passage of Resolutions FSABC-2024-13, 14, and 15 in secret meetings with improper notice further undermines principles of tribal self-governance by bypassing established procedures for amending tribal laws and policies, and attempting to consolidate power in the Business Committee at the expense of other tribal institutions.

50.     Plaintiff is entitled to declaratory and injunctive relief to protect its autonomy under principles of tribal self-governance.

### Count IV - Violation of the Indian Gaming Regulatory Act

51.     Plaintiff incorporates all preceding paragraphs by reference.

52.     The Business Committee's actions, if implemented, would violate IGRA by interfering with the Tribe's gaming operations without proper authority or licensure.

53.     These actions put the Tribe at risk of federal investigation and potential closure of its gaming facilities.

54.     Plaintiff is entitled to declaratory and injunctive relief to prevent violations of IGRA and protect the Tribe's gaming operations.

## Count V - Breach of Contract

55.  Plaintiff incorporates all preceding paragraphs by reference.

56.  The Business Committee's actions, if implemented, would violate the Tribal Non-Impairment Agreement and other contractual obligations of the Tribe.

57.  These violations put the Tribe at risk of defaulting on over $45,000,000 in loans.

58.  Plaintiff is entitled to declaratory and injunctive relief to prevent these contractual breaches and protect the Tribe's financial interests.

## Count VI – Injunctive Relief

59.  Plaintiff incorporates all preceding paragraphs by reference.

60.  In addition to a permanent injunction, Plaintiff seeks a temporary restraining order and a preliminary injunction.  A motion will be filed immediately.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Declare Resolutions FSABC-2024-13, FSABC-2024-14 and FSABC-2024-15 unlawful and unenforceable;

2.  Preliminarily and permanently enjoin Defendants from implementing or enforcing Resolutions FSABC-2024-13, FSABC-2024-14, and FSABC-2024-15;

3.  Order Defendants to refrain from interfering with the EDA's lawful operations and management of tribal businesses;

4.  Order Defendants to provide any evidence of alleged financial mismanagement to the EDA Board for proper investigation;

5. Declare that the Business Committee lacks authority to unilaterally suspend EDA Trustees or seize control of EDA assets;

6. Immediately restrain and enjoin Defendants from implementing or enforcing Resolutions FSABC-2024-13 and FSABC-2024-14;

7. Prohibit Defendants from interfering with the EDA's control over its bank accounts and assets;

8. Prohibit Defendants from interfering with the EDA's ongoing business operations and management of tribal businesses;

9. Order Defendants to immediately restore all communication channels between EDA Board Members and the EDA Chairperson;

10. Order Defendants to maintain the status quo with respect to the EDA's authority and operations as established by the Fort Sill Apache Economic Development Code;

11. Order Defendants to refrain from making any public statements alleging financial mismanagement by the EDA without providing evidence to support such claims;

12. (?)Set an emergency hearing within 14 days to determine whether this temporary restraining order should be converted to a preliminary injunction pending final resolution of this case;

13. Waiving the security requirement under Fed. R. Civ. P. 65(c) due to the strong likelihood of success on the merits and the fact that the EDA is a tribal entity acting in the public interest.

14. The EDA requests that this emergency temporary restraining order be issued immediately, without waiting for a response from Defendants, due to the urgent nature of the situation and the imminent risk of irreparable harm.

15. Award Plaintiff its reasonable costs and attorneys' fees; and

16. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Ryan S. Wilson
Ryan S. Wilson, OBA #14340
WILSON LAW FIRM
Post Office Box 891390
Oklahoma City, OK  73189
Telephone: (405) 246-0092
Facsimile:  (405) 246-9652
ryan@RSWilsonlaw.com

**ATTORNEY FOR PLAINTIFF**