UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ECONOMIC DEVELOPMENT AUTHORITY OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br><br>PLAINTIFF<br><br>v.<br><br>(1) THE BUSINESS COMMITTEE OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br><br>(2) JENNIFER HEMINOKEKY individually and in her official capacity as Chairperson,<br><br>(3) PAMELA EAGLESHIELD individually and in her official capacity as Vice Chairperson,<br><br>(4) JAMES DEMPSEY, individually and in his official capacity as Secretary Treasurer,<br><br>(5) JEANETTE MANN, individually and in her official capacity as Committee Member,<br><br>(6) DOUGLAS SPORES, individually and in his official capacity as Committee Member,<br><br>(7) DOLLY LORETTA BUCKNER, individually and in her official capacity as Committee Member,<br><br>DEFENDANTS. | Case No. CIV-24-661-R |

1

## AMENDED AFFIDAVIT OF MICHAEL DARROW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND BRIEF IN SUPPORT

I, Michael Darrow, being duly sworn, depose and state as follows:

1. I am over 18 years of age and competent to testify to the matters stated herein.

2. I am the Chairman *Pro Tem* of the Economic Development Authority (EDA) of the Fort Sill Chiricahua Warm Springs Apache Tribe ("the Tribe").

3. I have personal knowledge of the facts stated in this affidavit and submit this affidavit in support of the EDA's Motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b).

4. The EDA was established by the Tribe pursuant to tribal law as set forth in the Tribe's Economic Development Code ("the Code"). The Code was passed by a vote of the Tribe's General Council.

5. The Code establishes the EDA as a separate legal entity from the Tribe with the authority to sue and be sued in its own name. Code § 218(G).

6. The Code grants the EDA broad powers to engage in economic development activities for the benefit of the Tribe, including the authority to manage all tribal business entities. Code § 218(W).

7. The EDA is governed by a Board of Trustees appointed by the Tribal Chairperson and confirmed by the Business Committee. Code § 204.

8. The Tribal Chairperson, Jennifer Heminokeky, is an ex officio member of the EDA Board of Trustees with full access to all information, documents, and meetings of the Board of Trustees.

9. Under the Code, Trustees may only be removed for cause after notice and a hearing. Code § 208.

10. On June 13, 2024, in a secret meeting, the Business Committee passed Resolution FSABC-2024-13, which purports to remove the EDA's authority to conduct any "new business" and take control of the bank accounts and assets of the EDA.

11. On June 20, 2024, a full week after it had been passed by the Business Committee in a secret session, the EDA Board received a copy of Resolution FSABC-2024-13.

12. On June 21, 2024, the EDA Board sent an official letter to the Business Committee informing Defendants of several illegalities in the resolution.

13. Following the receipt of this letter, the Business Committee held another secret meeting over the weekend of June 22 and 23, passing Resolution FSABC-2024-14. This resolution purports to suspend all non-gaming activities of the EDA Trustees and take over bank accounts and assets pending investigation of allegations of financial mismanagement.

14. On June 25, 2024, in another secret meeting, the Business Committee passed FSABC-2024-15, ostensibly for the purpose of banning the EDA Board of Trustees from interfering with an investigation. This resolution actually gives the Business Committee management authority over the EDA's employees, effectively

3

putting the Business Committee in control of the Tribe's gaming operations and other business interests.

15. All three Resolutions (FSABC-2024-13, FSABC-2024-14, and FSABC-2024-15) exceed the Business Committee's authority under tribal law and violate the due process rights of the EDA and its Trustees.

16. Pursuant to Fed. R. Civ. P. 65(b)(1)(A), I state that immediate and irreparable injury, loss, or damage will result to the EDA before the adverse party can be heard in opposition if a Temporary Restraining Order is not granted. Specifically:

    a. The Resolutions threaten vast irreparable harm to the EDA, and more importantly, the Tribe, by attempting to prevent the EDA from carrying out its economic development mission and managing tribal businesses as authorized by the Code.

    b. The Business Committee's actions have placed the Tribe in jeopardy of punishment for IGRA violations, and breaching certain covenants and agreements between the EDA Board and the bank which provides funds for the Tribe's development.

    c. The Board has put the EDA in default of certain agreements, including a technical default of a multi-million-dollar loan, and has removed all legal protections in place that would have shielded the Tribe from the penalties and ramifications from said default.

    d. The Resolutions violate multiple contracts, including the Tribal Non-Impairment Agreement executed by the Business Committee on behalf of the General

Council for the benefit of Bank of Oklahoma. This agreement covers more than $45,000,000 in loans taken out by the EDA.

e.   The Resolutions put the Tribe's gaming operations at risk of investigation and potential shut-down by the National Indian Gaming Commission (NIGC) due to violations of IGRA.

f.   The Business Committee has made public allegations of financial mismanagement by the EDA Board of Trustees without providing any evidence to support these claims or giving the EDA Board of Trustees the opportunity to present exculpatory evidence or address such allegations in a proper forum as proscribed by the Tribe's laws, including the Code.

17.   The EDA has no adequate remedy at law to prevent this harm.

18.   Time is of the essence. Each day that passes under the current situation increases the risk and magnitude of irreparable harm to the EDA and the Tribe as a whole.

19.   Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I certify that efforts have been made to give notice to the adverse party. Specifically, a copy of this affidavit, the Complaint, and the Motion for Temporary Restraining Order are being served simultaneously with their filing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 2 day of July.

*Leland Michael Darrow* (signature)

Michael Darrow
Chairman Pro Tem, Fort Sill Chiricahua Warm Springs Apache Tribe Economic Development Authority

SUBSCRIBED AND SWORN TO before me this 2 day of July, 2024.

_____
Notary Public

My Commission Expires: 12-07-2026

My Commission Expires: 12-07-2026 declare under penalty of perjury that the foregoing is true and correct.

```
JAMIE L. MAGUIRE
Notary Public, State of Oklahoma
Commission # 18012157
My Commission Expires 12-07-2026
```