UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ECONOMIC DEVELOPMENT AUTHORITY OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br><br>           Plaintiff,<br>v.<br><br>THE BUSINESS COMMITTEE OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE, et al.,<br><br>           Defendants. | Case No. CIV-24-661-R |

## ORDER

Before the Court is Plaintiff's Motion for Temporary Restraining Order [Doc. No. 3] requesting that the Court enter a TRO without notice to the opposing party pursuant to Federal Rule of Civil Procedure 65(b).[1] Having reviewed Plaintiff's request, the Court is not persuaded that entry of a TRO on an ex parte basis is warranted.

Plaintiff is the Economic Development Authority of the Fort Sill Chiricahua Warm Springs Apache Tribe, an entity established by the Tribe pursuant to the Tribe's Economic Development Code. The EDA engages in economic development activities for the benefit of the Tribe and is governed by a Board of Trustees appointed by the Tribal Chairperson.

---

[1] Plaintiff's submitted an Amended Affidavit [Doc. No. 5] in support of its request for a TRO. The Court therefore considers only the Amended Affidavit in determining whether a TRO is warranted.

Defendants in this action are the Business Committee of the Fort Sill Chiricahua Warm Springs Apache Tribe, the Tribe's Chairperson, and the Business Committee's members. The Business Committee is the political arm of the Tribe that oversees the governmental roles of the Tribe. According to the EDA, the Business Committee is engaged in a "coup" and is seeking to seize control of the EDA's activities and assets. More specifically, the EDA asserts that the Business Committee held a series of secret meetings where it passed three resolutions which purport to suspend all non-gaming activities of the EDA Trustees, take control of the bank account and assets of the EDA, suspend an EDA Trustee without due process, and limit the EDA's authority over its employees. The EDA maintains that these resolutions exceed the Business Committee's authority under tribal law, violate due process, violate the Indian Gaming Regulatory Act, and undermine principles of tribal self-governance.

In support of their request for a TRO, Plaintiff identifies several harms that they describe as immediate and irreparable, including the loss of control over their non-gaming bank accounts and assets, interference with ongoing business operations and contracts, potential violations of the IGRA that could expose the Tribe to enforcement actions and closure of gaming operations, breach of a non-impairment agreement entered into between the EDA and a lender that covers $45,000,000 in loans, damage to the EDA's reputation with business partners, and disruption of the EDA's ability to fulfill its economic development mission for the Tribe.

The granting of a TRO "is an extraordinary remedy" that requires the movant to "demonstrate a clear and unequivocal right" to the relief requested. *O Centro Espirita*

*Beneficiente Uniao Do Vegetal v. Duke*, 286 F. Supp. 3d 1239, 1252 (D.N.M. 2017) (quotation marks and citation omitted). To obtain a preliminary injunction, the movant bears the burden of establishing four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest." *Republican Party of New Mexico v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013). Additionally, where, as here, the movant seeks a TRO without notice to the opposing party, Rule 65(b) requires "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." An irreparable injury is one that is "certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks and citations omitted). Further, "the injury must be of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Id.* (internal quotation marks and citations omitted). In this regard, "vague assurances" that an action "could" be taken or evidence showing a "mere possibility" of harm are not sufficient. *State v. U.S. Env't Prot. Agency*, 989 F.3d 874, 886-87 (10th Cir. 2021).

Upon consideration of Plaintiff's motion and amended affidavit, the Court is not persuaded that Plaintiff has clearly shown that an immediate and irreparable injury will occur before the adverse party can be heard in opposition. Although Plaintiff asserts that the actions of the Business Committee have put the EDA's gaming operations, reputation, and financial obligations at risk, it has not included specific facts clearly showing that an

adverse action is imminent. The Court is prepared to schedule a prompt hearing to determine whether any form of preliminary relief is appropriate. However, the scheduling of a hearing will require compliance with the notice provisions of Rule 65(a).

Accordingly, Plaintiff's Motion for Temporary Restraining Order [Doc. No. 3] is DENIED without prejudice.

IT IS SO ORDERED this 3rd day of July, 2024.

*David L. Russell*

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**