## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ECONOMIC DEVELOPMENT AUTHORITY OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br><br>      Plaintiff,<br><br>v.<br><br>THE BUSINESS COMMITTEE OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE, et al.,<br><br>      Defendants. | Case No. CIV-24-661-R |

### MOTION TO STRIKE

Plaintiff requests this Court stay the case and order the parties to mediation. This Court, however, lacks jurisdiction over this case, and thus lacks authority to grant Plaintiff's requested temporary relief. Plaintiff's Motion to Stay and Request for an Order Requiring the Parties to Mediate within Ninety (90) Days [ECF No. 17] improperly asks this Court to sidestep the limits on its authority by acting in this case without first determining whether it has jurisdiction over this intratribal dispute. Plaintiff's Motion also effectively asks this Court to reconsider its denial of Plaintiff's prior ex parte Motion for a Temporary Restraining Order [ECF No. 6]. This is thus the latest in an emerging pattern of bad faith efforts by Plaintiff to find cover for continuing to violate tribal law. *See, e.g.,* Motion for TRO [ECF No. 3].

Although Plaintiff frames the stay as a means of promoting judicial economy and preserving tribal resources, those goals are not advanced by allowing the case to linger in limbo on the Court's docket for another ninety (90) days, notwithstanding the Court's lack

of jurisdiction. The best way to promote judicial economy would be for the Court to promptly dismiss this case as requested by Defendants [ECF Nos. 9 and 16] or for Plaintiff to withdraw its Complaint.

As noted by Plaintiff, the Defendants have discussed a joint agreement to stay the case and enter mediation, but there is an ongoing disagreement about the status quo during any such stay and mediation. Defendants support stay and mediation so long as the true status quo is maintained, but they cannot agree to violate their oath of office by ignoring tribal law and the Tribe's Constitution while awaiting mediation.[1]

Plaintiff contends that the General Council has ordered the parties to mediate, but the Plaintiff references a motion made at a meeting of General Council members, not a binding or official action of the entire General Council. The Fort Sill Apache Constitution states that the "General Council shall act only through elections," FSA Constitution, Art. V, § 7, because all eligible voters have an equal voice in General Council decisions. Thus, an ambiguous motion made at a General Council meeting cannot be construed as a mandate for the Business Committee, or the EDA for that matter, to do something. A vote on the motion by the entire General Council is required for it to be an official act (and, indeed, a ballot vote is underway). Only the election results will determine whether the General Council mandates mediation. When the General Council has an opportunity to act in an

---

[1] Plaintiff and Defendants are perfectly capable of initiating and arranging mediation, if fundamental terms can be reached, without this Court ordering it. Parties voluntarily requesting stay and mediation would not infringe upon tribal sovereign immunity in the same way as a court commanding the parties to do so. *See Fletcher v. United States*, 116 F.3d 1315, 1332 (10th Cir. 1997).

2

official capacity through a ballot vote, the Defendants will be happy to comply with its decision. In the meantime, the tribal laws in place must be followed by the parties and enforced by the Business Committee. Until the Plaintiff is willing to do the same, the most efficient use of judicial and tribal resources is for this Court to proceed with dismissing Plaintiff's Complaint for lack of jurisdiction.

As support for this Motion to Strike, it is well-established that subject matter jurisdiction, including a determination on whether tribal sovereign immunity bars jurisdiction, is a threshold matter to be determined before any other issue in the case. *See Fletcher v. United States*, 116 F.3d 1315, 1332 (10th Cir. 1997) (stating that "Indian tribal sovereign immunity would be a poor shield if it could be disregarded at the will of a district court or if a court could command resolution of tribal affairs in such a way as to put the vindication of immunity beyond the fashioning of a remedy . . . ."). Directly on point here, the Tenth Circuit stated in *Fletcher* that "[a] conception of immunity from suit which leaves a tribe nonetheless vulnerable to a court's own program of alternative dispute resolution accords no meaningful immunity." *Id.* at 1326. Here, Plaintiff is asking the Court to direct alternative dispute resolution without first determining tribal sovereign immunity or standing, which, as demonstrated in *Fletcher*, would be a reversible error. *See id.* at 1334. Thus, Plaintiff's Motion to Stay and Request for an Order Requiring Parties to Mediate is improper, untimely and must be stricken or denied.

        Respectfully submitted,


        s/ R. Daniel Carter
        R. Daniel Carter, OK Bar No. 30514
        FOSTER GARVEY PC
        401 S. Boston Ave., Ste. 500
        Tulsa, OK  74103
        Telephone: (918) 732-9355
        Email: daniel.carter@foster.com

        Chloe Thompson Villagomez
        Wash. Bar No. 43732
        FOSTER GARVEY PC
        1111 Third Ave., Ste. 3000
        Seattle, WA  98101
        Telephone: (206) 447-5145
        E-mail: chloe.villagomez@foster.com
        *Admitted Pro Hac Vice*

        *Attorneys for Defendants*

Dated: August 12, 2024

## CERTIFICATE OF SERVICE

    I hereby certify that on August 12, 2024, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

    Ryan S. Wilson, ryan@rswilsonlaw.com
    *Attorney for Plaintiff*


    s/ R. Daniel Carter
    R. Daniel Carter