UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ECONOMIC DEVELOPMENT AUTHORITY OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE,<br><br>Plaintiff<br><br>v.<br><br>THE BUSINESS COMMITTEE OF THE FORT SILL CHIRICAHUA WARM SPRINGS APACHE TRIBE, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ Case No. CIV-24-661-R<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S OBJECTION WITH BRIEF IN SUPPORT
TO DEFENDANT'S MOTION TO STRIKE**

Plaintiff Economic Development Authority of the Fort Sill Chiricahua Warm Springs Apache Tribe (the "EDA") submits this objection to Defendants' Motion to Strike [Doc. No. 19]. The Court should deny the motion because it represents a fundamental misunderstanding of federal court procedure and is an ill-conceived attempt to circumvent this Court's authority. The EDA shows the Court as follows.

## ARGUMENT

**A.     Defendants Misunderstand the Purpose and Effect of a Motion to Strike.**

As an initial matter, Defendants misunderstand the proper use of a motion to strike under FEDERAL RULE OF CIVIL PROCEDURE 12(f). That rule allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or

1

scandalous matter." FED. R. CIV. P. 12(f). It does not provide a mechanism for striking entire motions or for avoiding a ruling on jurisdiction.

Defendants' attempt to "strike" Plaintiff's motion to stay and request for mediation is legally nonsensical. If Defendants wished to oppose that motion, the proper procedure would have been to file a response in opposition - not to file a "motion to strike" that itself requires a response and hearing. See LCvR7.1(g). Defendants have thus unnecessarily multiplied the proceedings, ironically while claiming to be concerned about judicial economy.

**B.      The Court Has Authority to Consider Mediation Regardless of Jurisdictional Challenges.**

Even if Defendants' jurisdictional arguments had merit (they do not), the Court would still have authority to stay proceedings and order mediation. Federal courts have inherent power to control their dockets and promote settlement of disputes. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). This includes the power to stay proceedings and order mediation while jurisdictional issues are pending. *See, e.g., Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264 (11th Cir. 2000).

Defendants' assertion that the Court cannot even consider mediation until resolving jurisdiction betrays a stunted view of federal court authority. The Court need not hamstring itself based on Defendants' say-so.

**C.      Defendants' Jurisdictional Arguments Are Meritless.**

While a full response to Defendants' jurisdictional arguments is beyond the scope of this filing, it bears noting that those arguments are meritless as noted in Plaintiff's

response to Motion to Dismiss, incorporated herein by reference. [Doc. No 18.] For now, suffice it to say that this Court plainly has federal question jurisdiction over claims arising under the Indian Gaming Regulatory Act and related federal laws.

**D.     The General Council's Directive Should Be Respected.**

Defendants' motion conveniently ignores the fact that the Tribe's General Council has directed the parties to mediate this dispute. By opposing mediation, Defendants are not only misreading federal law but also defying the will of the very tribal authority they claim to respect. This Court should not countenance such blatant disregard for proper tribal governance.

**E.     The Defendants Misinterpret the Tribe's Constitution to Avoid Accountability.**

Defendants' sudden insistence on a referendum vote by the General Council is yet another transparent attempt to sidestep accountability and delay resolution of this dispute. Their interpretation of the Tribe's Constitution is not only incorrect but also cynically self-serving.

Article IV, Section 1 of the Fort Sill Apache Tribe's Constitution states that "The supreme governing body of the Fort Sill Apache Tribe shall be the General Council." *See*, Exhibit 1. However, this does not mean that every tribal decision requires a referendum vote. The Constitution clearly delineates the powers and responsibilities of various tribal entities, including the Business Committee and the Economic Development Authority.

Article IV, Section 2 outlines specific instances where General Council approval is required, such as the sale or lease of tribal lands. *Id.* Notably absent is any requirement for

General Council approval of dispute resolution methods or the day-to-day operations of tribal entities.

It's worth noting that the General Council has already spoken on this matter. As previously mentioned, the General Council directed the parties to mediate this dispute and voted in favor of said motions at a meeting of the General Council. The Defendants' refusal to engage in mediation and their insistence on a referendum directly contradicts the will of the General Council they claim to respect.

The Tribe's Constitution, in Article VI, Section 1(i), grants the Business Committee the power to "manage all economic affairs and enterprises of the Tribe in accordance with the terms of a charter that may be issued to them by the General Council." *Id.* This provision clearly indicates that the day-to-day management of Tribal economic affairs, including resolving disputes related to those affairs, falls within the purview of the Business Committee and the EDA, under the oversight of the General Council.

Defendants' newfound devotion to direct democracy rings hollow when viewed in the context of their recent actions. They had no qualms about unilaterally passing resolutions that exceeded their authority and violated the EDA's rights without seeking General Council approval. Their selective interpretation of the Constitution is a transparent attempt to avoid facing the consequences of their actions.

In essence, the Defendants are attempting to use the Tribe's Constitution as a shield to protect themselves from accountability for their unlawful actions. This Court should see through this ploy and recognize it for what it is: another delay tactic in a series of attempts to avoid answering for their conduct.

The EDA respectfully requests that the Court reject the Defendants' misinterpretation of the Tribe's Constitution and deny their attempt to force an unnecessary and unauthorized referendum. Instead, the Court should proceed with ordering mediation as originally requested, in line with the General Council's directive and the interests of justice.

## CONCLUSION

In sum, Defendants' Motion to Strike is a procedural misfire that misunderstands both federal court practice and the Court's inherent authority. It should be denied. The EDA respectfully requests that the Court deny the Motion to Strike and grant its motion for a stay and mediation.

Respectfully submitted,

/s/ Ryan S. Wilson
Ryan S. Wilson, OBA #14340
WILSON LAW FIRM
Post Office Box 891390
Oklahoma City, OK  73189
Telephone: (405) 246-0092
Facsimile:  (405) 246-9652
ryan@RSWilsonlaw.com

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically transmitted the above and foregoing document to the Clerk of Court using the ECF System for filing. The Clerk of the Court will transmit a Notice of Electronic Filing to all parties who have entered an appearance in this case.

/s/ Ryan S. Wilson
Ryan S. Wilson